The Honorable Ted Thomas State Representative 900 S. Shackleford, Suite 300 Little Rock, Arkansas 72211
Dear Representative Thomas:
This is in response to your request for an opinion on the following question:
 Are the notes, memoranda, research files and rough drafts prepared by members of the Governor's Task Force for a New Constitution subject to being obtained through the Freedom of Information Act?
It is my opinion that these records may be inspected and copied pursuant to the provisions of the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §§ 25-19-101 to -107 (1987 and Cum. Supp. 1993).[1]
In order to determine the question of whether the records at issue are subject to inspection and copying, it must first be determined whether the records are "public records" for purposes of the definition set out in the FOIA. If they are "public records" it must further be determined whether any exception applies to authorize their withholding from public view. The FOIA defines "public records" as follows:
 Public records means writings, recorded sounds, films, tapes, or data compilations in any form, required by law to be kept or otherwise kept and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. . . . [Emphasis added.]
It is my understanding that the "Governor's Task Force for a New Constitution" is an informally created body. Senate Concurrent Resolution 11 of the recent legislative session states that "the Senate and the House of Representatives of the Eightieth General Assembly of the State of Arkansas respectfully request the Governor to prepare a working draft of a proposed new constitution of the State of Arkansas and submit the draft to the General Assembly for review and comment." The Task Force was appointed informally by the Governor in an effort to respond to this request. There is no executive order or proclamation appointing or naming the officials serving on the Task Force. It appears to be in the nature of an informal "advisory committee." It is comprised of private citizens, and it is not entirely clear, given the informal nature of its creation, whether it can be termed a "governmental agency" for purposes of the statute above. Such a determination is unnecessary, however, in light of the fact that the Task Force is the recipient of direct public funding, and its records are therefore subject to inspection under the act because it is in any event an "agency wholly or partially supported by public funds." See generally, Watkins, The Arkansas Freedom ofInformation Act 48 (2d ed. 1994). Act 1141 of 1995 appropriates the sum of $100,000 to the Office of the Governor (for the Governor's "emergency fund"), and states that "[t]he funds appropriated in this Act shall be used for the costs of research and preparing working drafts of proposed revisions to the Arkansas Constitution." Act 1141, § 2. The Governor has disbursed this sum from the "emergency fund" through his Proclamation EM-95-42, dated May 1, 1995. It is my understanding that this appropriation is expected to be used to pay for an office for the Task Force, for the services of at least one support staff employee for the Task Force, for mileage reimbursements for members of the Task Force, and to pay a professional services contract in the amount of $39,000 to John Gill, a leading member of the Task Force. This funding clearly qualifies as the direct funding necessary to bring the Task Force's records within the ambit of the FOIA. See Sebastian County Chapter of the Red Cross v.Weatherford, 311 Ark. 656, 846 S.W.2d 641 (1993).
In addition, other than as stated in note 1, supra, I have found no applicable exception which would exempt these documents from public view. It is therefore my opinion that they are subject to disclosure under the provisions of the FOIA.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] An exception may obtain with regard to any notes or memoranda addressed to the Governor and maintained in the Governor's possession. These documents may not be obtained from the Governor's office, but would be subject to inspection if in the possession of the Task Force. See
A.C.A. § 25-19-105(b)(7) (Cum. Supp. 1993) and Ops. Att'y Gen. 92-346 and 93-166. The exception in § 25-19-105(b)(7) for "unpublished memoranda, working papers, and correspondence of the Governor," however, would not appear to apply to the "research files and rough drafts" prepared by the Task Force, even if eventually maintained solely at the Governor's office, as these documents would not appear to be "working papers . . . of the Governor."